IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.       Case No. 03-10011-JWB

MELISSA LANGLOIS,

    Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's objections to the amended writ of continuing garnishment and motion for hearing. (Doc. 37.) The government has filed a response in opposition. (Doc. 44.) For the reasons stated herein, Defendant's objections are OVERRULED and her request for a hearing is DENIED.

**I.    Facts**

On August 11, 2003, Defendant was sentenced to a term of imprisonment after pleading guilty to mail fraud and forgery. (Doc. 20.) The judgment included an order requiring Defendant to pay $117,167.22 in restitution and a $300 assessment. As of June 16, 2021, the outstanding restitution balance is $84,122.72. (Doc. 44 at 2.) On April 9, 2021, the government applied for a writ of continuing garnishment for garnishee Fresenius Medical Corporate Office, Defendant's employer. (Doc. 31.) The writ of continuing garnishment was entered by the clerk. (Doc. 32.) The government then moved for an amended writ of continuing garnishment to amend the name of Defendant's employer, Fressenius [sic] USA/Renal Care Group, Inc. (Doc. 36.) On May 24, 2021, the garnishee filed an answer stating that Defendant was currently employed by the

1

garnishee and indicated that it was garnishing $348.32 from Defendant's gross wages of $3,003.55. (Doc. 41.)

On June 2, Defendant filed an objection to the garnishment and requested a hearing. (Doc. 40.) In that objection, Defendant has attached a letter to Assistant United States Attorney Tanya Wilson in which she admits that she owes the restitution and that she fell behind on her payments. Defendant requests a new payment plan instead of the continued garnishment of her wages because she is concerned that the garnishment will negatively affect her position with the garnishee. (*Id.* at 1.) The government responds that Defendant's objection must be overruled as she does not claim that a statutory exemption applies to the wages.

II. Analysis

Pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, the government is provided certain remedies to collect debts. One of those remedies is a writ of garnishment. 28 U.S.C. § 3205. Under § 3205(a), a court may issue a writ of garnishment against nonexempt disposable earnings. There is a statute which also provides the maximum amount of earnings allowed to be garnished. 15 U.S.C. § 1673. If an objection to the garnishment is filed, the party objecting must state the grounds and bear the burden of proving the grounds. 28 U.S.C. § 3205(c)(5). At a hearing to address the objection, the court is limited "(1) to the probable validity of any claim of exemption by the judgment debtor; [and] (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. § 3202(d); *see also United States v. Krehbiel*, No. 05-10117-EFM, 2021 WL 965968, at *3 (D. Kan. Mar. 15, 2021).

The exemptions to property subject to garnishment are set forth in 18 U.S.C. § 3613. Wages are not exempt from garnishment here. *See id.*; *United States v. Grigsby*, No. 12-10174-JTM, 2015 WL 471248, at *2 (D. Kan. Feb. 4, 2015), *aff'd in part, appeal dismissed in part*, 630

F. App'x 838 (10th Cir. 2015) (discussing that the minimum exemption for wages is not applicable to a criminal judgment).

Defendant has the burden to establish that there is an exemption or that the government has failed to comply with any statutory requirement. Notably, Defendant does not suggest that her wages are exempt or that the government failed to comply with a statutory requirement. Rather, Defendant requests that she be allowed to make payments instead of having her earnings subjected to garnishment. This is not a sufficient basis to quash an order of garnishment. As stated by the government, federal law prohibits an employer from discharging an employee because her earnings are subject to garnishment. 15 U.S.C. § 1674.

### III. Conclusion

Defendant's objection to the writ of continuing garnishment is OVERRULED and her motion for a hearing is DENIED, without prejudice. If Defendant has an objection to the writ of continuing garnishment that is based on a statutory exemption or noncompliance with a statutory requirement, Defendant may file a renewed objection to the writ of garnishment within 14 days of this order.

IT IS SO ORDERED. Dated this 23rd day of June 2021.

                                              __s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE